UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACQUELINE BRYKS,                    )
                                     )
          Plaintiff,                 )
                                     )        No.
     v.                              )
                                     )
COLLECTION BUREAU OF THE             )
HUDSON VALLEY, INC.,                 )
                                     )
          Defendant.                 )        JURY DEMANDED

## COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1.     In this action, Plaintiff Jacqueline Bryks seeks redress for Defendant

Collection Bureau of the Hudson Valley, Inc.'s illegal collection activities, committed

in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692,

*et seq.*

### Parties

2.     Jacqueline Bryks is a citizen of the State of New York who resides

within this district.

3.     Bryks is a "consumer," as that term is defined by FDCPA § 1692a(3).

4.     The alleged debts that Collection Bureau of the Hudson Valley, Inc.

("CBHV") sought to collect from Bryks are consumer debts, as that term is defined

by FDCPA § 1692a(5).

1

5.    The alleged debts that CBHV sought to collect from Bryks were originally incurred for personal, family or household purposes.

6.    That is, the alleged debts that CBHV sought to collect from Bryks were allegedly owed for medical services.

7.    CBHV is a New York corporation with a principal place of business located at 155 North Plank Road, Newburgh, New York 12550.

8.    CBHV does business in this district by regularly and routinely sending correspondence into New York State.

9.    CBHV is regularly engaged for profit in the collection of debts allegedly owed by consumers.

10.    CBHV is a "debt collector," as that term is defined by § 1692a(6) of the FDCPA, and identifies itself as such on its collection correspondence.

*Jurisdiction and Venue*

11.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12.    Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

13.    Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

14.    Venue is also proper in this district since CBHV transacts business in this district.

## COUNT I
### *Violations of the FDCPA*

15.     Plaintiff restates, realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

16.     On or about March 23, 2011, CBHV attempted to collect a debt from Bryks.

17.     CBHV sent Bryks a collection letter dated March 23, 2011, seeking to collect a balance allegedly owed for medical services.

18.     This was CBHV's initial communication with Bryks under FDPCA § 1692g(a).

19.     On or about March 31, 2011, after receiving CBHV's collection letter, Bryks sent a letter to CBHV dated March 31, 2011 explaining that she disputed the debt.

20.     Bryks further stated that she refused to pay the alleged debt because – before her doctor rendered any medical services – she was assured by his billing department that she would not be billed over and above what her health insurance paid.

21.     Bryks sent her letter dated March 31, 2011 by certified mail, return receipt requested.

22.     The U.S. Postal Service "green card" shows that CBHV received and signed for the letter on April 4, 2011.

23.   Section 1692c(c) of the FDCPA provides, in relevant part:

> If a consumer notifies a debt collector in writing that the
> consumer refuses to pay a debt or that the consumer wishes the
> debt collector to cease further communication with the
> consumer, the debt collector shall not communicate further with
> the consumer with respect to such debt, except ·

> 1. to advise the consumer that the debt collector's
>    further efforts are being terminated;

> 2. to notify the consumer that the debt collector or
>    creditor may invoke specified remedies which are
>    ordinarily invoked by such debt collector or
>    creditor; or

> 3. where applicable, to notify the consumer that the
>    debt collector or creditor intends to invoke a
>    specified remedy.

24.   When CBHV received Bryks' letter on April 4, 2011, it was required to
cease all further communications, with the three exceptions noted above in FDCPA
§ 1692c(c).

25.   But instead of complying with FDCPA § 1692c(c), CBHV continued to
try and collect the alleged debt, by sending Bryks another collection letter, dated
April 22, 2011, stating that Bryks's account was delinquent and that because Bryks
had "neither disputed nor paid this past due account, the creditor shown above has
authorized [CBHV] to enter [her] identity" in the reporting files of several credit
reporting agencies.

26.   CBHV is liable to Bryks for its violations of § 1692c.

27.   Further, § 1692g of the FDCPA requires that a debt collector obtain
verification of a disputed debt.  Specifically, § 1692g(b) of the FDCPA commands

4

that "[i]f the consumer notifies the debt collector in writing within the thirty-day period...that the debt or any portion there, is disputed..., the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt... and a copy of such verification ... is mailed to consumer by the debt collector."

28.    CBHV's letter to Bryks dated April 22, 2011 violated 15 U.S.C. § 1692g(b), because – after receiving a written dispute from Bryks well within the 30-day validation period – CBHV continued collection efforts without first obtaining and mailing copies of verification of the alleged debt.

29.    CBHV is liable to Bryks for its violations of § 1692g.

30.    Further, § 1692e and e(10) prohibit false, deceptive, or misleading representation or means in connection with the collection of any debt.

31.    More specifically, § 1692e(2) prohibits:

The false representation of—
(A) the character, amount, or legal status of any debt . . . .

31.    Section 1692e(5) prohibits:

The threat to take any action that cannot legally be taken or that is not intended to be taken.

32.    And § 1692e(8) prohibits:

Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

33.     By sending the letter dated April 22, 2011, CBHV violated § 1692e(2) by falsely representing that Bryks had not disputed the alleged debt.

34.     By sending the letter dated April 22, 2011, CBHV violated § 1692e(5) by threatening to report the alleged debt to Equifax or Experian as being undisputed even though Bryks had disputed it.

35.     By sending the letter dated April 22, 2011, CBHV also violated § 1692e(5) by threatening to report the alleged debt to Equifax or Experian in spite of being prohibited, under § 1692g, from taking any action to collect the alleged debt until CBHV first obtained verification of the debt and then mailed a copy of the verification to Bryks.

36.     By sending the letter dated April 22, 2011, CBHV also violated § 1692e(8) by threatening to communicate – or actually communicating – false credit information to Equifax or Experian, when CBHV was on written notice that Bryks disputed the alleged debt.

WHEREFORE, Plaintiff Jacqueline Bryks asks that this Court enter judgment in her favor and against Defendant Collection Bureau of the Hudson Valley, Inc. and award damages as follows:

      a.     The maximum amount of statutory damages provided under the FDCPA, 15 U.S.C. § 1692k;

      b.     Attorneys' fees, litigation expenses and costs incurred in bringing this action;

      c.     A declaration that Defendant has violated the FDCPA; and

d.   Any other relief that this Court deems appropriate and just under the circumstances.

*Jury Demand*

Plaintiff demands trial by jury.

Dated: New York, New York
        May 2, 2011

Respectfully submitted,

Bromberg Law Office, P.C.

By: _____
        Brian L. Bromberg
        Plaintiff's Attorney

Attorney for Plaintiff:
Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY  10005
(212) 248-7906

7